IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00019-GPG

MAURICE E. QUINN,

     Plaintiff,

v.

JOHN DeQUARDO, M.D., Pueblo State Hospital,
SARA WELTON, Public Defender,
BILLY BOUNDS, Public Defender,
ERIC ZALES, Public Defender,
JUDGE MARTIN EGGLENHOFF, Denver District Court,
BRIAN WIGGETT, Psy. D. Staff Psychologist,
DEN D.A. ALLISON JENNINGS, and
JUDGE CHRISTINA HABAS, Denver District Court,

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Maurice E. Quinn is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. Plaintiff has been granted leave to proceed pursuant to 42 U.S.C. § 1915.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

Plaintiff asserts three claims regarding his court-ordered prescribed medication. Overall, Plaintiff appears to challenge the affect the prescribed medication had on his ability to participate in his state criminal proceeding and to enter into a knowing and voluntary plea, and his current inability to feed himself, dial the telephone to talk to his family, tie his shoes, push himself in a wheelchair, to which he is confined.  Plaintiff contends that Defendants have violated his Fifth, Eighth, and Fourteenth Amendment rights.  Plaintiff seeks release from prison, declaratory relief and money damages.

First, Plaintiff's request for release based on the alleged constitutional violations in his criminal proceeding more properly is addressed in a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). Habeas corpus claims may not be raised in a 42 U.S.C. § 1983 action.  The Supreme Court has explained the role of habeas and civil rights actions as follows:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006).  If Plaintiff wishes to pursue any habeas corpus claims he must file a separate habeas corpus action.  Before seeking habeas corpus relief in federal court, Plaintiff must exhaust state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief).

Second, Plaintiff's request for money damages based on the alleged constitutional violations in his criminal proceeding is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Under *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of a criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence is reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  Here, there is an underlying conviction that would be subject to invalidation based on Plaintiff's prescribed medications and his associated inability to assist in his criminal proceeding and to enter a knowing and voluntary plea.  *See Butler v. Compton*, 482 F.3d 1277, 1280 (10th Circuit 2007) (court found *Heck* was not implemented in this case but stated that when there is related underlying conviction there would be invalidation and *Heck* applies).  If the Court were to find that Plaintiff was so medicated during his trial that he was incapable of entering a voluntary and knowing plea and to assist in his defense, as suggested by Plaintiff, that finding would necessarily imply the invalidity of the conviction and sentence.

Finally, Defendants Sara Welton, Billy Rounds, Eric Zales, Judge Martin Egglenhoff, Allison Jennings, and Judge Christina Habas are immune from suit for the reasons stated below.

Defendants Judge Martin Egglenhoff and Judge Christina Habas are absolutely immune from liability in civil rights suits when they act in their judicial capacity, unless they act in the clear absence of all jurisdiction.  *See Morales v. Waco*, 502 U.S. 9,

3

11-12 (1991); *Stump v. Scarman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Questions of competency are " 'intimately associated with the judicial phase of the criminal process.' " *See Wolf v. Scobie*, 28 F. App'x 545, 548 (7th Cir. 2002) (citation omitted)). Judges Egglenhoff and Habas were acting in their judicial capacity when they ruled on Plaintiff's competency to proceed at trial and his prescribed medications; they were not acting in the clear absence of all jurisdiction.

Defendant Allison Jennings is entitled to absolute immunity in § 1983 suits for activities within the scope of her prosecutorial duties.  *See Ambler v. Pachtman*, 424 U.S. 409, 420-24 (1976);  The Tenth Circuit has found that state prosecutors' "decisions to prosecute, their investigatory or evidence–gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court" are activities intimately associated with the judicial process.  *See Nielander v. Bd. of County Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009).  Any part Defendant Jennings played in negotiating a plea with Plaintiff is within the scope of her prosecutorial duties.

Defendants Sara Welton, Billy Bounds, and Eric Zales, whether private attorneys or public defenders, who represented Plaintiff, are not state actors under § 1983 and are not proper parties to this action.  *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981).

Plaintiff, therefore, will be directed to file an Amended Complaint that addresses only claims properly brought in a 42 U.S.C. § 1983 action against properly named defendants.

4

Plaintiff is directed that to state a claim in federal court he must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is required to assert personal participation by a named defendant in the alleged constitutional violation. *See Bennett v. Passic* , 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how the named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or

5

possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the Court will proceed to review the merits of the original Complaint as the claims pertain to the conditions of Plaintiff's confinement and as alleged against **properly** named defendants that are currently listed in the caption of the Complaint form.

DATED January 6, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge