IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00019-GPG

**MAURICE E. QUINN**,

    Plaintiff,

v.

**JOHN DeQUARDO**, M.D., Pueblo State Hospital,
**SARA WELTON, Public Defender,**
**BILLY BOUNDS**, Public Defender,
**ERIC ZALES**, Public Defender,
**JUDGE MARTIN EGGLENHOFF**, Denver District Court,
**BRIAN WIGGETT,** Psy. D. Staff Psychologist,
**DEN D.A. ALLISON JENNINGS**, and
**JUDGE CHRISTINA HABAS**, Denver District Court,

    Defendants.

---

**ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT AND/
OR APPLICATION FOR HABEAS CORPUS RELIEF**

---

    Plaintiff Maurice E. Quinn is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. Plaintiff has been granted leave to proceed pursuant to 42 U.S.C. § 1915.

    In his original Complaint, Plaintiff asserted three claims regarding his court-ordered prescribed medication.  Overall, Plaintiff appeared to challenge the affect the prescribed medication had on his ability to participate in his state criminal proceeding and to enter into a knowing and voluntary plea, and his current inability to feed himself, dial the telephone to talk to his family, tie his shoes, push himself in a wheelchair, to

which he is confined. He sought release from prison, declaratory relief and money damages.

In a lengthy Order dated January 6, 2015, Magistrate Judge Gordon Gallagher informed Plaintiff that his request for release based on the alleged constitutional violations in his criminal proceeding must be addressed in a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). Habeas corpus claims may not be raised in a 42 U.S.C. § 1983 action. The Supreme Court has explained the role of habeas and civil rights actions as follows:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006). If Plaintiff wishes to pursue any habeas corpus claims he must file a separate habeas corpus action.

Second, the Court informed him that his request for money damages based on the alleged constitutional violations in his criminal proceeding is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of a criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence is reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called

into question by the issuance of a federal habeas writ. Here, there is an underlying conviction that would be subject to invalidation based on Plaintiff's prescribed medications and his associated inability to assist in his criminal proceeding and to enter a knowing and voluntary plea. See Butler v. Compton, 482 F.3d 1277, 1280 (10th Cir. 2007) (court found Heck was not implemented in this case but stated that when there is related underlying conviction there would be invalidation and Heck applies). If the Court were to find that Plaintiff was so medicated during his trial that he was incapable of entering a voluntary and knowing plea and to assist in his defense, as suggested by Plaintiff, that finding would necessarily imply the invalidity of the conviction and sentence.

Third, the Court informed him that Defendants Sara Welton, Billy Rounds, Eric Zales, Judge Martin Egglenhoff, Allison Jennings, and Judge Christina Habas are immune from suit. Therefore, the Court directed Plaintiff to file an Amended Complaint that addresses only claims properly brought in a 42 U.S.C. § 1983 action against properly named defendants. He was directed that to state a claim in federal court he must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is required to assert personal participation by a named defendant in the alleged constitutional violation. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how the named individual caused the deprivation of a federal right. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). There must be an

affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Importantly, the Court ordered him to file an Amended Complaint that complied with its Order **on the Court-approved Prisoner Complaint form**, along with the applicable instructions, at www.cod.uscourts.gov.

After seeking several extensions, Plaintiff filed an "Amended Motion," which is a rambling document containing citations to law and incoherent discussions. This document is not on the Court approved Civil Rights form. Moreover, it does not change

any of the original defendants and continues to assert claims that must be filed in a habeas corpus action.

The Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The amended Prisoner Complaint Mr. Quinn files must comply with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all

that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In order to state a claim in federal court, Mr. Quinn "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Quinn must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or defendants be required to sift through plaintiff's allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Court will allow Plaintiff one final opportunity to file a proper Complaint. Accordingly, it is

**ORDERED** within thirty days from the date of this Order, Plaintiff shall file an Amended Complaint that complies with this Order and the January 6, 2015 Order (ECF No. 6) (copy enclosed). It is

**FURTHER ORDERED** that if Plaintiff seeks to assert claims concerning the

validity of his conviction, he must file a separate habeas corpus action on the proper Court-approved forms.  It is

**FURTHER ORDERED** that the Clerk of Court send Plaintiff the Court-approved Prisoner Complaint form along with the applicable instructions and the Court-approved 2254 habeas corpus form along with the applicable instructions.  It is

**FURTHER ORDERED** that if Plaintiff fails to file an Amended Complaint that complies with this Order and the January 6, 2015 Order within the time allowed, the Court will proceed to review the merits of the original Complaint as the claims pertain to the conditions of Plaintiff's confinement and as alleged against **properly** named defendants that are currently listed in the caption of the Complaint form.

DATED April 8, 2015, at Denver, Colorado.

BY THE COURT:

/s Gordon P. Gallagher
United States Magistrate Judge