IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00019-GPG

**MAURICE E. QUINN**,

    Plaintiff,

v.

**JOHN DeQUARDO**, M.D., Pueblo State Hospital;
**BRIAN WIGGETT,** Psy. D. Staff Psychologist;
**SHARON ALLEN,** M.D.;
**ASHAKIRAN SUNKU,** M.D.;
**GOODWIN,** Dr.;
**TERESA BERNAL,** RN-C, B.S.;
**SCOTT YOUNG,** Psy.D.; and
**ROSE MANCUSO,** PhD, ABPP

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Maurice E. Quinn is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Plaintiff, acting *pro se*, initiated this action on January 5, 2015 by filing a Complaint alleging that his constitutional rights were violated. On January 6,2015, Plaintiff was granted leave to proceed pursuant to 42 U.S.C. § 1915. He filed a Second Amended Complaint on May 4,2015 (ECF No. 18).

### A. Mandatory Screening Provision and Standard of Review

Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of certain claims. In this regard, Title 28 of the United States Code, section 1915, establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP),

*i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has been granted leave to proceed IFP in this action (ECF No. 5). Thus, his Complaint must be reviewed under the authority set forth above.

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp.*, 550 U.S. at 555. When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted). Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

The Court must construe the Second Amended Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.* It is not the Court's duty to search voluminous pages of gibberish for statements which may support a claim or a remedy. *See Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995). A *pro se* litigant must comply with the fundamental requirements of the Federal Rules of Civil Procedure and plaintiff's *pro se* status does not entitle him to application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (Plaintiff's "difficulties are those faced by many plaintiffs who nonetheless manage to file suit in a timely manner."). *Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to amend. *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

For the reason stated below, the Second Amended Complaint and the action will be dismissed pursuant to the screening authority set forth above.

### B. Limitations Period

Mr. Quinn's Complaint concerns his commitment to the Colorado Mental Health Institute (CMHI) on July 5, 2011. He alleges that he was confined there for forty-nine days without proper procedural and substantive due process guarantees. He further claims that he was given anti-

psychotic medication in violation of his Eighth Amendment rights.  On August 4, 2011, he was deemed competent to stand trial and was released from the CMHI to county jail sometime in August of 2011.  He proceeded to a plea agreement and was sentenced on January 5, 2012.  Plaintiff challenges the involuntary admission procedure and the involuntary administration of anti-psychotic drugs during his confinement at the CMHI.  Plaintiff's claims, however, are time barred.

In this regard, the limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law.  *See Wilson v. Garcia*, 471 U.S. 261, 272–76 (1985) (42 U.S.C. § 1983) (holding that the forum state's personal injury statute of limitations should be applied to all § 1983 claims).   In Colorado, the residual statute of limitations for all actions, including personal injury actions, provides a two-year limitations period.   C.R.S. § 13-80-102(1)(i).  *See also Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir. 2006) (recognizing two-year statute of limitations for § 1983 actions in Colorado).  The date when a civil rights action accrues (begins to run) is a matter of federal law.  *Albright v. Oliver*, 510 U.S. 266, 280 n. 6 (1994) (J. Ginsburg, concurring).  A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the Defendant.  *See Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted).

Mr. Quinn's Eighth Amendment/Due Process claims accrued, at the latest, when he was discharged from the CMHI sometime in August of  2011.  *See Martin v. Red Lion Police Dept.,*  146 F. App'x 558, 561 (3d Cir. 2005).  Because Plaintiff initiated the instant action on January 5, 2015, more than two years after his claim accrued, it is untimely.  The court may dismiss a claim as time-barred where the running of the applicable statute of limitations is clear from the face of the

complaint and no further factual record is required. *See Fogle*, 435 F.3d at 1258; *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995).  Accordingly, it is

**ORDERED** that the Second Amended Complaint (ECF No. 18) and this action are **DISMISSED** with prejudice for failure to state an arguable claim for relief.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Quinn files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED May 14, 2015, at Denver, Colorado.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court